IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-2001-D

| | | |
|---|---|---|
| JOHNNY WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| B. WELLS, | ) | |
| | ) | |
| Respondent. | ) | |

Johnny Williams, a state inmate, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. Williams raises five claims, all concerning whether law enforcement officers violated his Fourth and Fourteenth Amendment rights against unreasonable search and seizure. See Pet. [D.E. 1] 4–11. On March 9, 2017, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") and recommended that the court dismiss the petition as not cognizable on habeas review [D.E. 3] 3–4. On March 20, 2017, Williams filed objections [D.E. 4].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (emphasis and quotation omitted).

Williams's objections reiterate arguments stated in his petition, and his objections do not meaningfully rebut Judge Numbers's recommendations. Compare Pet. [D.E. 1], with [D.E. 4]. Because Williams's boilerplate objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47. Alternatively, even if de novo review is required, the objections lack merit and are overruled.

In sum, after reviewing the M&R, the record, and Williams's objections, the court agrees with the legal conclusions in the M&R. Accordingly, Williams's objections [D.E. 4] are OVERRULED, and the court adopts the conclusions in the M&R [D.E. 3]. The court DISMISSES petitioner's application for habeas corpus relief [D.E. 1] as non-cognizable and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The clerk shall close the case.

SO ORDERED. This 8 day of September 2017.

JAMES C. DEVER III
Chief United States District Judge